Filed 12/6/23  P. v. Holmes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLARENCE AUSTIN HOLMES,<br><br>Defendant and Appellant. | C097109<br><br>(Super. Ct. No. 62186136) |

Defendant Clarence Austin Holmes was detained by law enforcement after exiting a truck that did not have license plates.  A records search revealed the truck's registration was expired and defendant was on searchable probation.  A subsequent search of the truck revealed a loaded handgun in the center console.  The parties stipulated that defendant was previously convicted of a felony.

1

A jury convicted defendant of possession of a firearm by a person who has been convicted of a felony (Pen. Code, § 29800, subd. (a)(1)),[1] possession of ammunition by a person prohibited from possessing a firearm (§ 30305, subd. (a)(1)), and carrying a loaded firearm in public (§ 25850, subd. (a)). The trial court sentenced defendant to two years in state prison.

On appeal, defendant contends his detention was unlawful, and therefore, his trial counsel provided constitutionally deficient assistance by failing to move to suppress the evidence obtained as a result of this unlawful detention. We disagree and affirm the judgment.

## BACKGROUND

Because defendant's trial counsel did not move to suppress evidence based on any perceived illegality of his detention, there was no hearing devoted to ascertaining the legality of that detention. However, the facts of defendant's detention were adduced at trial and were not materially disputed below. They are as follows:

On June 27, 2022, at about 12:50 p.m., Roseville Police Officer Greggory Cole received a call from dispatch informing him that a man had just stolen a battery from an AutoZone located in the Roseville Square shopping center. Officer Cole was provided a general description of the man, "a black male adult," and told that the man left the location in "a red Dodge Ram pickup truck." Cole was also told that the man drove the truck to another auto parts store across the street, O'Reilly Auto Parts, and parked behind the store. The officer was further informed that AutoZone did not wish to prosecute the person for the theft.

Officer Cole responded to O'Reilly Auto Parts and saw a red Dodge Ram truck parked behind the store. The truck was backed up against a fence "in an area that said[,]

---

[1] Undesignated statutory references are to the Penal Code.

'No Parking[.]' " Defendant, who fit the general description, was seated in the driver's seat. Cole parked his patrol vehicle about 30 feet away from the truck and got out to approach on foot. The two made eye contact as the officer approached. Cole testified that defendant "seemed surprised" to see him, "very wide eyed." The officer also noticed that the truck did not have a front license plate, so he walked around the back to see if it had a rear license plate. It did not.

As Officer Cole walked around the truck, defendant rolled up the truck's windows, exited the truck with several items in his hands, and started walking away. Defendant got three or four feet away from the truck when the officer informed him that he was being detained on suspicion of theft and because the truck did not have license plates.

While defendant was initially detained, Officer Cole ran the truck's vehicle identification number and discovered that the registration was expired and a new registration in defendant's name was being processed. Cole confirmed defendant's identity using his driver's license and also did a records check using that information. The officer was then informed that defendant was on searchable probation.

In the meantime, other officers arrived on the scene. One of these officers placed defendant in a patrol car when Officer Cole learned of defendant's probation status. Cole then searched defendant's truck and found a loaded handgun in the center console.

Based on the foregoing, and the parties' stipulation that defendant was previously convicted of a felony, the jury found defendant guilty of possession of a firearm by a person who has been convicted of a felony, possession of ammunition by a person prohibited from possessing a firearm, and carrying a loaded firearm in public.

## DISCUSSION

Defendant contends his trial counsel provided constitutionally deficient assistance by failing to move to suppress evidence that he possessed the handgun and ammunition, arguing this evidence was obtained as the result of an unlawful detention. We disagree.

3

"The standard for showing ineffective assistance of counsel is well settled. 'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.] A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel. [Citations.] If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. [Citation.] Otherwise, the claim is more appropriately raised in a petition for writ of habeas corpus.' " (*People v. Gray* (2005) 37 Cal.4th 168, 206-207.)

Consistent with these principles, " '[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excluded evidence in order to demonstrate actual prejudice.' " (*People v. Wharton* (1991) 53 Cal.3d 522, 576.) We conclude a suppression motion based on the grounds asserted in this appeal would have been properly denied.

The Fourth Amendment to the United States Constitution protects individuals from "unreasonable searches and seizures." "Under *Terry v. Ohio* (1968) 392 U.S. 1, 19 [ ], the judicial inquiry into the reasonableness of a detention is a dual one--whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. Detention,

not questioning, is the evil at which *Terry*'s second prong is aimed." (*People v. Brown* (1998) 62 Cal.App.4th 493, 496.)

Defendant argues: (1) Officer Cole detained him shortly after he exited the truck and started to walk away, and (2) this detention was not justified because (a) it was based solely on the officer's suspicion that defendant stole a battery from AutoZone, and (b) AutoZone "said they did not wish to prosecute the alleged theft" and "Cole did not go to AutoZone to determine if there had even been a theft." While we agree with defendant's assessment of when the detention occurred, his assertion that it was based solely on suspicion of theft is belied by the record. As we explain, it was based both on suspicion of theft and the fact that the truck did not have license plates. Because the latter reason is sufficient to justify the detention, we need not determine whether the former would also have justified the detention.

According to defendant, Officer Cole "testified he detained [defendant] before noticing there was no rear license plate on the truck." Not so. Cole testified: "So as I approached the pickup, I walked around the back side of it, and [defendant] exited the driver's seat with a large amount of belongings in his hands and appeared to begin trying to walk away from the vehicle." The officer detained defendant when defendant got three or four feet away from the truck and "informed him [of] the reason." The prosecutor then asked: "You mentioned that you went around the back of the vehicle and saw that it had no rear license plate; is that right?" Cole responded: "That's correct. So as I approached, I could see the vehicle did not have a front license plate. So that is why I walked around to the back side of the vehicle to see if there's a rear license plate, and I saw there was no rear license plate attached either." Based on the totality of the officer's testimony, it is clear that he saw the truck did not have a front license plate when he initially got out of his patrol vehicle, made eye contact with defendant as he approached, walked around the truck to see if there was a rear license plate, and then detained defendant as he got out of the truck and started to walk away. During cross-examination,

5

defense counsel specifically asked Cole whether he told defendant the reason for the detention was "whatever may have happened at AutoZone *and because he didn't have any license plates*." Cole answered: "Yes."

"A police officer may legally stop a motorist he suspects of violating the Vehicle Code for the purpose of issuing a citation. The officer may detain the motorist for the period of time necessary to discharge the duties related to the traffic stop." (*People v. Brown, supra*, 62 Cal.App.4th at pp. 496-497.) Because defendant was driving without license plates in violation of Vehicle Code section 5200, Officer Cole was authorized to detain and cite him. (*Brown*, at pp. 496-497.) In order to issue a citation, Cole was further authorized to check defendant's driver's license for proof of identity. (See Veh. Code, § 40302; *People v. McKay* (2002) 27 Cal.4th 601, 624 ["custodial arrest is *mandatory* when the offender fails to present a driver's license or other satisfactory evidence of identity"].) Running defendant's driver's license is what resulted in Cole learning defendant was on searchable probation. The search of the truck followed this discovery. Defendant does not argue on appeal that the search was not justified at this point. He simply asserts that Cole would not have learned of his probation status had he not been unlawfully detained in the first place. For reasons already expressed, the detention was justified by the officer's discovery that the truck did not have license plates.

We finally note that this was also defense counsel's stated understanding. During an in limine hearing, on the question of whether evidence of the suspected AutoZone theft should be excluded under Evidence Code section 352, defense counsel stated: "I've been operating on the fact that [defendant] was detained based on not having any license plates. What brought the officers to the area was the AutoZone call. But then once they saw no license plates, then that's what gave them the justification to detain him, then determined that he was on probation, then do the search." While counsel was not

6

specifically asked why he did not bring a suppression motion, this statement clearly identifies the reason.  It is more than satisfactory.

Simply put, defense counsel did not render ineffective assistance by failing to make a motion that counsel could have reasonably determined would have been futile. (*People v. Price* (1991) 1 Cal.4th 324, 387.)  And there can be no prejudice where the motion would have been denied had it been brought.  (*People v. Wharton, supra*, 53 Cal.3d at p. 576.)

DISPOSITION

The judgment is affirmed.

      /s/              <br>
Keithley, J.*

We concur:

     /s/              <br>
Earl, P. J.

     /s/              <br>
Mesiwala, J.

---

\*     Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.